| | |
|---|---|
| Chambers of<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

August 29, 2019

MEMORANDUM TO PARTIES RE:         Christopher Akpala v. United States Dept of Agriculture, et al.
Civil Action No. GLR-18-1175

Dear Parties:

      Pending before the Court is Defendants United States Department of Agriculture ("USDA") and Administrative Review Officer Lorie Conneen's ("ARO Conneen") (collectively, the "United States")[1] Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 10). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

      Plaintiff Christopher Akpala owns a convenience store, UAC Food Mart (the "Store"), in Baltimore, Maryland. (Compl. at 2, 7, ECF No. 1; USDA FNS Final Agency Decision ["FAD"] at 7, ECF No. 1-2).[2] On August 2, 2011, the USDA Food and Nutrition Service ("FNS") authorized the Store as a retailer in the Supplemental Nutrition Assistance Program ("SNAP"). (FAD at 7). In early 2017, the FNS Retailer Operations Division ("ROD") began an investigation into the Store based on a fraud alert from the FNS system that had flagged the Store's Electronic Benefit Transfer ("EBT") transactions from September 2016 to February 2017. (Admin. Record ["A.R."] 99, ECF No. 9-2). On April 8, 2017, an FNS contractor visited the Store to investigate. (Id. 57–62). The investigation identified suspicious transaction patterns of five different kinds, ranging from the type of transactions to their timing, (id. at 104–08), and concluded that the evidence "warrant[ed] issuance of a trafficking charge letter" (the "Charge Letter") to the Store, (id. at 117).

      On May 25, 2017, ROD sent the Charge Letter to Akpala, informing him that it had analyzed the Store's EBT transactions, that the Store was being charged with "trafficking," and that a potential consequence was permanent disqualification from SNAP. (Id. at 118–20). The Charge Letter explained that Akpala could reply to the charge and, if he could show the Store

---

[1] Defendants argue that the United States of America is the only proper defendant under the statute that gives Plaintiff Christopher Akpala the right to judicial review. See 7 U.S.C. § 2023(a)(13) (2018). Akpala does not dispute this argument. (See generally Pls.' Mot. Reinstate Perm. Disqual. Accept. SNAP, ECF No. 12). The Court concludes that the United States should be substituted as the sole Defendant and will direct the Clerk to do so.

[2] Unless otherwise noted, the facts outlined here are set forth in Akpala's Complaint. (ECF No. 1). To the extent the Court discusses facts that Akpala does not allege in his Amended Complaint, they are uncontroverted and the Court views them in the light most favorable to Akpala. The Court will address additional facts when discussing applicable law.

met certain criteria, could request a civil monetary penalty ("CMP") in lieu of disqualification. (Id. at 118–19). The Charge Letter noted that Akpala needed to take those actions within ten days of receiving the Charge Letter. (Id. at 119).

Akpala received the Charge Letter on May 31, 2017 and submitted his response to ROD the same day. (Id. at 137, 139–40). In his response, Akpala denied violating SNAP rules and offered explanations for some of the suspicious patterns ROD had identified. (Id. at 139–40). The Store did not submit any information in support of a CMP instead of disqualification. (Id. at 149). After reviewing Akpala's response, ROD concluded that "the unusual patterns" were "the result of serious noncompliance" warranting the issuance of a Determination Letter with a permanent disqualification for trafficking. (Id. at 149–50). The Determination Letter advised the Store that it was no longer permitted to accept SNAP benefits but that it could appeal to FNS's Administrative Review Branch, as long as it did so within ten days of receiving the Determination Letter. (Id. at 151).

Akpala received the Determination Letter on June 16, 2017 and requested administrative review the same day. (Id. at 153, 155). After reviewing the record and additional information the Store submitted, ARO Conneen issued FNS's Final Agency Decision ("FAD") on March 19, 2018, which concluded that there was sufficient evidence to support the Store's permanent disqualification from SNAP. (FAD at 1–15; A.R. 191–204). The FAD noted that Akpala had the right to file a complaint in U.S. District Court within thirty days of receipt of the FAD. (FAD at 15; A.R. 204). Akpala received the FAD on March 21, 2018, (A.R. 206), and, on April 23, 2019, filed his Complaint in this Court, (ECF No. 1). The Complaint is a partially-completed form complaint that disputes the sufficiency of USDA's evidence and the fairness of its sanction, (Compl. at 7), to which the FAD is attached, (see ECF No. 1-2).

On December 5, 2018, the United States filed the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 10). On December 21, 2018, Akpala filed an Opposition. (ECF No. 12).[3] On February 7, 2019, the United States filed a Reply. (ECF No. 17).

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).

---

[3] Akpala captioned his filing "Plaintiff's Motion to Reinstate My Permanent Disqualification from Accepting SNAP.Case #1:18-cv01175-GLR," (ECF No. 12), but because it responds to the United States' Motion, the Court will construe it as an Opposition. On February 22, 2018, Akpala filed a "Motion to Re-instate U.A.C. Food Mart to Participate in SNAP," in which he reiterates his arguments from his Opposition. (Mot. Re-instate UAC Food Mart Partic. SNAP at 1–2, ECF No. 18). Based on the Motion's substance, the Court construes it as a surreply, which the Court did not grant leave to file, and will, therefore, deny it and not consider it. See Local Rule 105.2(a) (D.Md. 2018) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.")

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558). Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

The United States argues that the Court does not have subject matter jurisdiction over this case because Akpala failed to file suit in this Court within thirty days of receiving the FAD. Akpala maintains that his suit was timely filed. The Court agrees with the United States.

Akpala does not clearly state the basis for the Court's jurisdiction, but the last page of the FAD, which is attached to the Complaint, states that Akpala may seek judicial review under 7 U.S.C. § 2023 (2018). (FAD at 15). The FAD then states that Akpala may file suit in this Court but must do so "within thirty (30) days of receipt of this Decision." This language mirrors that of the § 2023(a):

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023(a)(13) (emphasis added).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Johnson v. Devos, No. 17-2189, 2019 WL 3822257, at *1 (4th Cir. Aug. 15, 2019) (mem.) (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)). The United States Court of Appeals for the Fourth Circuit has confirmed that § 2023(a) is "a conditional waiver of the United States' sovereign immunity" against lawsuits. Shoulders v. U.S. Dep't of Agric., Food & Nutrition Serv., 878 F.2d 141, 143 (4th Cir. 1989). In affirming the district court's dismissal, the Shoulders court noted that the relevant condition is that "aggrieved parties must commence suit within thirty days of notice of adverse FNS action" and that "courts must strictly construe and enforce

3

such conditions in favor of the United States." Id. Courts, therefore, "must be careful not to interpret [the time-bar provision] in a manner that would 'extend the waiver beyond that which Congress intended.'" Simaan v. Veneman, 349 F.Supp.2d 967, 970–71 (M.D.N.C. 2004) (alteration in original) (quoting Block v. North Dakota, 461 U.S. 273, 287 (1983)). "This conclusion under Block perforce indicates that § 2023(a), read alone, does not allow extensions of time." Shoulders, 878 F.2d at 143.

Here, Akpala received the FAD on March 21, 2018 and did not file suit in this Court until April 23, 2018—thirty-three days later. Akpala complied with the ten-day deadlines for intra-agency reviews but, even though the FAD noted the time within which he could seek judicial review, did not comply with the longer filing window under § 2023(a)(13). Because there is no genuine dispute that Akpala failed to seek judicial review in this Court within thirty days of receiving the FAD, his suit was not timely under § 2023(a)(13), and, as a result, the Court lacks subject matter jurisdiction over it. Shoulders, 878 F.2d at 143; Simaan, 349 F.Supp.2d at 971; see also Cumberland Market 2 v. United States, No. 12-146-GFVT, 2013 WL 124108, at *4 (E.D.Ky. Jan. 9, 2013) (concluding that § 2023(a)(13) uses jurisdictional language and is not subject to equitable tolling); Gonzalez v. United States, 675 F.Supp.2d 260, 265 (D.R.I. 2009) (same). As a result, the Court will grant the United States' Motion and dismiss the Complaint.

For the foregoing reasons, the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 10), construed as a motion to dismiss, is GRANTED, and Akpala's Motion to Re-instate U.A.C. Food Mart to Participate in SNAP" (ECF No. 18) is DENIED. The Clerk shall substitute the United States for USDA and ARO Conneen as the only Defendant in this case. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly, CLOSE this case, and MAIL a copy of this memorandum to Akpala at his address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge